UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

08 JUL 29  AM 10: 47

TIMOTHY M. O'BRIEN

BY _____ DEPUTY
AT KANSAS CITY, KS

LINDA HAMILTON,

Plaintiff,

CASE NO: 08-CV-1223   MLB/DWB

vs.

B K, INC.,

Defendant.

_____/

## COMPLAINT

Plaintiff, Linda Hamilton ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues B K, Inc., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans With Disabilities Act" or "ADA") and allege:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.     Venue is proper in this Court, the District of Kansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the District of Kansas.

3.     Plaintiff, Linda Hamilton (hereinafter referred to as "Ms. Hamilton") is a resident of the State of Kansas and is a qualified individual with a disability under the ADA. Ms. Hamilton suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from quadriplegia and requires the use of a wheelchair for mobility and has

limited use of her upper extremities. Prior to instituting the instant action, Ms. Hamilton visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Ms. Hamilton continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.       The Defendant, B K, Inc., is a domestic corporation registered to do business and, in fact, conducting business in the State of Kansas. Upon information and belief, B K, Inc. (hereinafter referred to as "B K") is the owner, lessee and/or operator of the real properties and improvements that are the subjects of this action, specifically the Church's Chicken located at 503 North West Street, Wichita, Kansas; the Church's Chicken located at 1302 N. Broadway, Wichita, Kansas; the Church's Chicken located at 3808 E Harry Street, Wichita, Kansas; and the Church's Chicken located at 1305 N Hillside, Wichita, Kansas (hereinafter jointly referred to as the "Restaurants").

5.       All events giving rise to this lawsuit occurred in the District of Kansas.

## COUNT I - VIOLATION OF THE ADA

6.       On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.       Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurants owned by B K are places of public accommodation in that they are restaurants operated by a private entity that provide goods and services to the public.

8.       Defendant B K, has discriminated and continues to discriminate against Ms.

2

Hamilton, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurants in derogation of 42 U.S.C §12101 *et seq*.

9. Ms. Hamilton has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurants owned by B K. Prior to the filing of this lawsuit, Ms. Hamilton visited the Restaurants at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Ms. Hamilton continues to desire and intends to visit the Restaurants, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Restaurants in violation of the ADA. Ms. Hamilton has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. B K is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against Ms. Hamilton as a result of *inter alia*, the following specific violations:

**503 North West Street**

(i) Van accessible parking is not provided;

(ii) Signage at the parking space designated as accessible is too low;

(iii) The accessible parking space provided lacks an access aisle;

(iv) The ramp to the main entrance is too steep, too narrow and does not provide flared sides or edge protection;

3

(v)     Accessible seating is not provided within the restaurant;

(vi)    The threshold in the hallway is too steep;

(vii)   Sufficient clear floor space is not provided at the toilet room entry doors;

(viii)  The toilet room entry doors contain knob hardware that require tight grasping and twisting of the wrist to operate;

(ix)    Accessible signage is not provided at the toilet rooms;

(x)     Grab bars are not provided at the water closets in the toilet rooms;

(xi)    The toilet seats in the toilet rooms are too low;

(xii)   The pipes underneath the lavatories in the toilet rooms are not insulated;

(xiii)  The lavatories in the toilet rooms require tight grasping and twisting of the wrist to operate;

(xiv)   The mirrors, paper and soap dispensers in the toilet rooms are too high;

## 1302 N Broadway

(xv)    Accessible parking is not provided;

(xvi)   The curb ramp leading to the sidewalk is too steep and the flared sides on this curb ramp are too steep;

(xvii)  Sufficient maneuvering clearance is not provided at the entry door;

(xviii) Accessible seating is not provided within the restaurant;

(xix)   The threshold leading to the toilet rooms is too high;

(xx)    The doorway to the toilet rooms is too narrow for a wheelchair user;

(xxi)   The toilet room entry doors contain knob hardware that require tight grasping and twisting of the wrist to operate;

(xxii)  Accessible signage is not provided at the toilet rooms;

(xxiii) The toilet seats in the toilet rooms are too low;

(xxiv)  The pipes underneath the lavatories in the toilet rooms are not insulated;

4

(xxv) Sufficient knee clearance is not provided underneath the lavatories in the toilet rooms;

(xxvi) The lavatories in the toilet rooms require tight grasping and twisting of the wrist to operate;

(xxvii) The mirror, soap and paper towel dispensers in the toilet rooms are too high;

## 3808 E Harry Street

(xxviii)    Van accessible parking is not provided;

(xxix)    Signage at the parking space designated as accessible is too low;

(xxx)    The parking space designated as accessible lacks and access aisle;

(xxxi)    The curb ramp leading to the sidewalk is too steep and lacks flared sides or edge protection;

(xxxii)    Sufficient maneuvering clearance is not provided on the pull side of the entry door;

(xxxiii)    There is a 3-inch change in level leading to the toilet room hallway with no ramp;

(xxxiv)    The doorway to the hallway leading to the toilet rooms is too narrow for a wheelchair user;

(xxxv)    The toilet room entry doors contain knob hardware that require tight grasping and twisting of the wrist to operate;

(xxxvi)    Accessible signage is not provided at the toilet rooms;

(xxxvii)    The toilet seats in the toilet rooms are too low;

(xxxviii)    Grab bars are not provided at the water closets in the toilet rooms;

(xxxix)    The lavatories in the toilet rooms are too low;

(xl)    The pipes underneath the lavatories in the toilet rooms are not insulated;

(xli)    The lavatories in the toilet rooms require tight grasping and twisting of the wrist to operate;

(xlii)    The soap and paper towel dispensers in the toilet rooms are too high;

**1305 N Hillside**

(xliii) Accessible parking is not provided;

(xliv) An accessible entrance to the restaurant is not provided;

(xlv) Accessible seating is not provided within the restaurant;

(xlvi) Upon information and belief, the toilet rooms are not accessible.

12. There are other current barriers to access and violations of the ADA at the Restaurants owned and operated by B K that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, B K was required to make its Restaurants, places of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, B K has failed to comply with this mandate.

15. Ms. Hamilton has been obligated to retain undersigned counsel for the filing and prosecution of this action. Ms. Hamilton is entitled to have her reasonable attorney's fees, costs and expenses paid by B K pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against B K, Inc. and requests the following

6

injunctive and declaratory relief:

      A.     That the Court declare that the properties owned and administered by Defendant are violative of the ADA;

      B.     That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

      C.     That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

      D.     That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

      E.     That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully submitted this 29th day of July 2008.

Lawrence W. Williamson, Jr.
Kansas State Bar No.: 21282
Williamson Law Firm, LLC
816 Ann Avenue
Kansas City, Kansas 66101
Telephone:   (913) 871-7060
Facsimile:    (913) 535-0736
Email:
l.williamson@williamsonfirm.com

Edward I. Zwilling, Esq.
Ala. Bar No. ASB-1564-L54E
Schwartz Zweben, LLP
600 Vestavia Parkway
Suite 251
Birmingham, Alabama 35223
Telephone:   (205) 822-2701
Facsimile:    (205) 822-2702
Email:       ezwilling@szalaw.com

Plaintiff hereby designates Wichita, KS as the place of trial

7